**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES DANIELS,**

      **Petitioner,**

**vs.**                                          **Case No. 4:09cv456-MP/WCS**

**EDWIN BUSS,[1]**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

Petitioner, represented by counsel, filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 with supporting memorandum. Doc. 1. It appeared that

pages were missing from the petition, and counsel was directed to file a complete copy

of the § 2254 petition and memorandum, as originally filed November 24, 2009. Docs. 2

and 3. A complete copy was filed as an amended petition, doc. 4, and a show cause

order was entered. Doc. 5. Petitioner was given the opportunity to file a reply to any

response, but was not required to file a reply.

---

[1] Edwin Buss was recently appointed Secretary of the Florida Department of
Corrections, and automatically replaces Walter McNeil (former Secretary) as
Respondent. Fed.R.Civ.P. 25(d).

Respondent filed a motion to dismiss the petition as untimely filed. Doc. 10. References to exhibits are those submitted in paper form in support of the motion to dismiss. See doc. 10-1 in ECF (electronic case filing) (electronically filed index to exhibits)

Petitioner did not reply. A memorandum regarding timeliness was filed with the amended petition, however. Doc. 4, attached memo, pp. 1-6 (pp. 8-13 in ECF). Petitioner also submitted a log, allegedly maintained by Amanda Daniels, of activity with postconviction counsel. Doc. 4 at p. 3 and Ex. A (p. 24 in ECF). None of the entries are dated, neither Daniels' name nor signature appears on the log, and Petitioner did not supply an affidavit from Daniels. Petitioner did not sign the log either, but declared under perjury that he read the "memorandum of law and fact, and the facts alleged therein are true." Doc. 4, apttached memo, p. 16 (p. 23 in ECF).

A review of the record reveals the petition should be dismissed as untimely.

Petitioner challenges the judgment of the Second Judicial Circuit, in and for Gadsden County, case number 02-759CFA. Petitioner was found guilty by a jury of sexual battery (penetration or union with the sexual organ of another) by a person in familial or custodial authority (count one), sexual battery (vaginal penetration with an object) by a person in familial or custodial authority (count two), lewd or lascivious molestation of a child under twelve years of age (count three), lewd or lascivious molestation of a child between twelve and sixteen years of age (count four), lewd or lascivious exhibition (count five), and of showing obscene material to a minor (count

six).  Ex. B, pp. 41-46 (verdicts).[2]  He was sentenced to terms of thirty years, fifteen years, and five years, all to run concurrently with each other and with another sentence, followed by a term of sex offender probation.  *Id.*, pp. 53-58 (judgment).

On appeal, the convictions were affirmed, the sentences reversed, and the case remanded for resentencing.  Exs. G and H (opinion issued as mandate on June 12, 2006).  According to Respondent no further review was sought in this appellate proceeding.  Doc. 10, p. 2.  On remand Petitioner was sentenced to concurrent terms of thirty, fifteen, and four years, but not to a separate term of probation.  Ex. I (judgment entered and filed on August 25, 2006).  Respondent asserts that Petitioner did not appeal.  Doc. 10, p. 2.

Petitioner filed a Fla.R.Crim.P. 3.850 motion, through counsel, on August 31, 2007.  Ex. K (pp. 1-6 of public record).  Respondent concedes that motion remained pending until denial of the motion was affirmed and the mandate issued on June 12, 2008.  Doc. 10, p. 7; Ex. L (docket on appeal).[3]  Petitioner filed the initial § 2254 petition on November 24, 2009 (the date of electronic filing by counsel).  Doc. 1.

There is one year limitations period for filing a § 2254 petition, which runs from the latest of the following dates:

---

[2] According to the opinion on appeal, all counts involved Petitioner's niece during different periods (thus separate counts for the different ages of the victim).  Ex G.

[3] Petitioner asserts that the time began running from the date of affirmance on May 27, 2008.  Doc. 4, attached memo, p. 2 (p. 9 in ECF).  It was tolled until the date of the mandate, a calculation which is more favorable to Petitioner.  *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000); Day v. McDonough, 547 U.S. 198, 203, 126 S.Ct. 1675, 1680, 164 L.Ed.2d 376 (2006) ("under Florida law, appellate order 'is pending' until the mandate issues," *citing* Nyland).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  There is no allegation or indication to indicate the later dates are applicable, so Petitioner's time commenced under § 2244(d)(1)(A).

The one year period is tolled for the time during which a "properly filed" application for relief is pending in state court.  § 2244(d)(2)(e).  The time may also be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted, emphasis in original).

Petitioner did not appeal the judgment entered on resentencing, so "the expiration of the time for seeking such review" was the date on which the time to file an appeal expired, not when (as asserted by Petitioner, see doc. 4, attached memo, pp. 1-2 (pp. 8-9 in ECF)) the 90 days for filing a petition for writ of certiorari expired.  *See* Pugh v. Smith, 465 F.3d 1295, 1298-99 (11th Cir. 2006) (the Supreme Court may only review judgments of the highest court of the state which could have entered a

decision).[4]  Petitioner did not seek review from a higher state court after the judgment was entered, and could not have filed a petition for writ of certiorari to the United States Supreme Court.  The judgment entered August 25, 2006, therefore became final on September 25, 2006, when the time for filing a notice of appeal expired.  Fla.R.App.P. 9.140(b)(3).[5]

The one year period ran for 339 days between the date the judgment was final and the date the Rule 3.850 motion was filed, excluding those two dates. Therefore, by the time the Rule 3.850 motion was filed Petitioner only had 26 days remaining of the one year period to file his federal § 2254 petition.  *See* Tinker v. Moore, 255 F.3d 1331, 1335, n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("remind[ing] petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

The period remained tolled until the Rule 3.850 motion was denied, denial affirmed by opinion dated May 27,2008, and the mandate issued on June 12, 2008. Another 529 days passed between the mandate and the filing of the § 2254 petition on November 24, 2009, excluding both dates. Unless Petitioner is entitled to equitable tolling, his § 2254 petition is untimely by over 500 days.

Petitioner asserts entitlement to equitable tolling due to the "egregious" conduct of postconviction counsel.  Doc. 4, attached memo, pp. 2-10 (pp. 3-10 in ECF).

---

[4] The court also noted that for a prisoner who may seek certiorari review and files a petition for writ of certiorari, judgment is final when certiorari is denied; if he does not then judgment is final when 90 days for filing a petition for writ of certiorari expires.  *Id.*

[5] The 30 days actually expired September 24, 2006, but that was a Sunday, so the last date to file was the following Monday.  Fla.R.App.P. 9.420(f).

Specifically, he claims the notice of appeal (from the Rule 3.850 denial) was filed on December 5, 2007, and on January 16, 2008, counsel told Amanda Daniels that he would let them (presumably Daniels and Petitioner) know if there was "news to share." *Id.*, p. 3 (p. 10 in ECF). On May 27, 2008, Daniels called counsel and left a messege, then on June 3, 2008, "counsel told Ms. Daniels that no decision had yet been rendered, and that the appeal was still pending. He further advised that he would inform Petitioner as soon as he learned of a decision." *Id.* Petitioner asserts that counsel knew or should have known of the May 27 opinion sometime between May 27 and June 3, 2008, and made either a knowing or reckless factual misrepresentation that the case was still pending. *Id.*, pp. 3-4 (pp. 10-11 in ECF). Petitioner asserts he did not learn of the appellate court's decision until January 28, 2009, when he "immediately discharged counsel" and "hired new counsel for the purpose of filing an out-of-time petition based on counsel's misconduct." *Id.*, p. 5 (p. 12 in ECF).

Petitioner concedes that even gross negligence of counsel does not warrant equitable tolling of the one year period, but claims that counsel's conduct was so egregious as to constitute an extraordinary circumstance. *Id.*, pp. 5-7 (pp. 12-14 in (ECF). Specifically:

> [C]ounsel failed to communicate with Petitioner, failed to inform him that his appeal was final and that his federal limitations time was running, and allowed the filing deadline to pass without a petition being filed. In addition, counsel affirmatively misrepresented that the Rule 3.850 appeal was still pending six days after the District Court had rendered its decision. These facts fit within the narrow exception recognized in *Holland* and *Downs* for egregious attorney misconduct and extraordinary circumstances beyond Petitioner's control.

*Id.*, p. 7 (p. 14 in ECF), referencing <u>Holland v. Florida</u>, 539 F.3d 1334 (11th Cir. 2008) and <u>Downs v. McNeil</u>, 520 F.3d 1311 (11th Cir. 2008).

Petitioner also asserts that he himself was diligent, that he "calculated his deadline, and knew that he had only a short time following the affirmance of his Rule 3.850 appeal to file a § 2254 petition." *Id.* He alleges he "made repeated inquiries" about the appeal; once he discovered counsel's misrepresentation "and it was obvious that the limitations period had run out, Petitioner discharged counsel, requested the return of his file, and hired a new lawyer to research whether an out-of-time petition was possible." *Id.*, pp. 7-8 (pp. 14-15 in ECF). He asserts he could not be expected to file a federal petition while his postconviction appeal was pending, noting "[t]he only claim raised in the instant habeas petition is the one that was raised in the Rule 3.850 motion in state court," exhaustion was necessary, and he knew the limitations period remained tolled while the appeal was pending. *Id.*, pp. 8-9 (pp. 15-16 in ECF).

It is noted that the Eleventh Circuitt's opinion in <u>Holland</u> was reversed and remanded by the Supreme Court, finding it applied an "over rigid *per se* approach." <u>Holland v. Florida</u>, __ U.S. __,130 S.Ct. 2549, 2565, 177 L.Ed.2d 130 (2010). That was a death penalty case, however, involving far more egregious conduct by counsel and far more effort by the petitioner.[6]

---

[6] The court noted the following, but did not state a conclusion, believing further proceedings might be necessary.

To be sure, [counsel] Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired – two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal

Here, Petitioner asserts he knew he there was very little time left to the one year period to file a § 2254 petition after the Rule 3.850 appeal termimated.  The latest dates provided by Petitioner, to support allegations of contacts with counsel, were immediately around the time of the appellate court's opinion, and Petitioner alleges no specific facts as to how he ultimately discovered the outcome of the appeal on January 28, 2009.[7]

But even assuming Petitioner could demonstrate extraordinary circumstances and diligence to justify a period of equitable tolling, by January 28, 2009, he knew his appeal was no longer pending and that his time to file a § 2254 petition had likely expired.  Petitioner has not shown extraordinary circumstances or due diligence beyond that date.  He did not file his § 2254 petition in this court until November 24, 2009.  One

---

petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so.  Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules.  Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

130 S.Ct. at 2564.  The district court had not decided the case on extraordinary circumstances, but on a lack of diligence, a finding not even defended by the State.  *Id.* "Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins – the central impediment to the pursuit of his legal remedy – removed from his case.  And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District 2565 (emphasis in original).

[7] He claims counsel communicated with Daniels on January 16, 2008, that Daniels left counsel a message on May 27, 2008, counsel communicated with Daniels on June 3, 2008, and that Petitioner "continued to wait," "made repeated inquiries" of counsel without success,  then discovered the fate of his appeal on January 28, 2009.

claim is raised in the § 2254 petition, which Petitioner concedes is the same as the claim raised in the 3.850 proceedings. Even if Petitioner did not at that time have copies, the state court motion would have been available to him from the state court upon request, or from his former counsel. The form used for filing a § 2254 petition in this court is available for free upon written request to the clerk, or from the court's website at http://www.flnd.uscourts.gov. It might have taken a week or two to obtain copies and submit a § 2254 petition, through counsel or pro se.

Yet from January 28, 2009, to the filing of doc. 1 on November 24, 2009, excluding those dates, 229 days elapsed. Petitioner has not alleged any basis for equitable tolling prior to August 31, 2007, when the Rule 3.850 motion was filed, or after January 28, 2009. Even allowing for equitable tolling between June 12, 2008, and January 28, 2009, a total of 568 days of untolled time elapsed between the date the judgment became final and the date the § 2254 petition was filed.

Petitioner is not entitled to a certificate of appealability as he has not made a substantial showing of the denial of a constitutional right. § 2253(c)(2); *see also* § 2254 Rule 11(a) (the district court must issue or deny a certificate of appealability under § 2253(c)(2) when entering a final order adverse to habeas corpus petitioner). The determination that, even allowing for equitable tolling the petition is untimely, is not debatable among jurists of reason. *See* Slack v. McDaniel, 529 U.S. 473, 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss, doc. 10, be **GRANTED**, and the § 2254 petition, challenging the judgment of the Second Judicial Circuit, in and for Gadsden County, case number 02-759CFA, be **DISMISSED** as untimely, and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 17, 2011.


 S/     William C. Sherrill, Jr.            
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.